**McGuireWoods LLP**
Andrew W. Russell (SBN 280669)
Email: arussell@mcguirewoods.com
Rachel Kermani (SBN 351693)
Email: rkermani@mcguirewoods.com
1800 Century Park East, 7th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210

Attorneys for Defendant
DG STRATEGIC VII, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN HARRIS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DG STRATEGIC VII, LLC, a California Corporation; and DOES 1 through 50,<br><br>Defendants. | CASE NO.<br><br>[Kern County Superior Court Case No. BCV-24-103709]<br><br>**DEFENDANT DG STRATEGIC VII, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

197656432.4

1

DEFENDANT DG STRATEGIC VII, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant DG STRATEGIC VII, LLC ("Defendant"), by and through its counsel, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Kern (the "State Court"), in which the action is currently pending, to the United States District Court for the Eastern District of California on the grounds that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and all other applicable bases for removal.  In support of this Notice of Removal, Defendant avers as follows:

## PLEADING AND PROCEDURES

1.     On October 29, 2024, Plaintiff Melvin Harris ("Plaintiff") filed a Complaint (the "Complaint") in State Court commencing this civil action against Defendant and others, in a case styled *Melvin Harris, an individual v. DG Strategic VII, LLC; and DOES 1-50*, Case No. BCV-24-103709 (the "State Court Action").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.     On November 4, 2024, Defendant's registered agent for service of process was personally served with the Complaint and the following additional documents from the State Court Action, true and correct copies of which are attached hereto:

- **Exhibit B**: Summons
- **Exhibit C**: Civil Case Cover Sheet

3.     The only other documents on file in the State Court Action are as follows:

- **Exhibit D**: Notice of Assignment To Judge For All Purposes and Notice of Order to Show Cause Re Cause Re CRC Rule 3.110 and Notice of Case Management Conference

4.     On December 2, 2024, Defendant filed an Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto as **Exhibit E**.

5.     Defendant is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

197656432.4

2

DEFENDANT DG STRATEGIC VII, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

6.    Defendant is informed and believes that there has been no service of process upon any "Does," which are fictitious defendants and therefore properly disregarded for the purpose of this removal.  28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

7.    This action has not previously been removed to federal court.

8.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based."  Defendant has filed this Notice of Removal within 30 days of November 4, 2024, the date on which Plaintiff served Defendant's agent for service of process with the Complaint. Since the 30th day from service of the Complaint fell on a Saturday, Federal Rule of Civil Procedure, Rule 6(a)(C) extends the deadline to the next non-weekend day. Accordingly, this action is being removed within 30 days of the first date upon which Defendant was served, through service or otherwise, with any paper giving it knowledge that the action was indeed removable.

## REMOVAL JURISDICTION – DIVERSITY

9.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1332, 1441, 1446, and all other applicable bases for removal.  As required by 28 U.S.C. § 1441, Defendant seeks to remove this case to the United States District Court for the Eastern District of California, which is the District Court embracing the place where the State Court Action was filed.

10.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is an action that may be removed to this Court by Defendant, because: (1) there is complete diversity of citizenship between Plaintiff and Defendant; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.    In accordance with 28 U.S.C. § 1446(d), Defendant will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## CITIZENSHIP OF PARTIES

12.    **Plaintiff's Citizenship.**  The Complaint alleges that Plaintiff "is…a resident of the State of California, County of Kern" *See* Exh. A (Complaint), ¶ 3. Based thereon, Plaintiff has

197656432.4

3

DEFENDANT DG STRATEGIC VII, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

admitted that he is currently domiciled in California, and Defendant is informed and believes and thereon allege that Plaintiff intends to indefinitely remain living continuously in California. Accordingly, Plaintiff is a resident and citizen of the State of California for purposes of traditional diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also, e.g.*, *Mondragon v. Capital One Auto Fin.*, 776 F.3d 880, 885-86 (9th Cir. 2013) (person's continuing domicile in a state establishes citizenship for purposes of removal "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

13.     **Defendant's Citizenship.**  Defendant is and was at the time this action commenced on October 29, 2024, a limited liability company organized and existing under the laws of the State of Tennessee. *See* Guy Decl. at ¶ 3.  Under Ninth Circuit precedent, a limited liability corporation is deemed to be a citizen of the state of each state in which its owners/members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that a limited liability company is a citizen of every state of which its owners/members are citizen). Defendant's sole member is Dolgen NW, LLC, which is a limited liability company organized and existing under the laws of the State of Tennessee, and whose sole member is Dollar General Corporation, a Tennessee corporation which currently has and, at all relevant times had, its headquarters and principal place of business in Goodlettsville, Tennessee. *See* Guy Decl. at ¶¶ 3-4. As reflected on the California Secretary of State's Business Entity website, Defendant is an unincorporated LLC organized and existing under the laws of the State of Tennessee, where it maintains its principal place of business:

/ / /

/ / /

/ / /

/ / /

/ / /

197656432.4                                          4

**DG STRATEGIC VII, LLC (201200410208)**

Request Certificate

| | |
|---|---|
| Initial Filing Date | 01/03/2012 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | TENNESSEE |
| Entity Type | Limited Liability Company - Out of State |
| Principal Address | 100 MISSION RIDGE GOODLETTSVILLE, TN 37072 |
| Mailing Address | 100 MISSION RIDGE GOODLETTSVILLE,TN37072 |
| Statement of Info Due Date | 01/31/2026 |
| Agent | 1505 Corporation CSC - LAWYERS INCORPORATING SERVICE |
| CA Registered Corporate (1505) Agent Authorized Employee(s) | BECKY DEGEORGE 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA<br><br>KOY SAECHAO 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA<br><br>NICOLE STAUSS 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA<br><br>REBECCA VANG 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA<br><br>ALEX JENKINS 2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA |

*See* California Secretary of State Business Search at https://businesssearch.sos.ca.gov/ (LP/LLC

DEFENDANT DG STRATEGIC VII, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

Name Searched: "DG Strategic VII, LLC").  Thus, Defendant is not a citizen of California, but rather was and is a citizen of Tennessee for purposes of removal.  *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) (the principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination").[1]

14.    **DOE Defendants.**  Defendants "DOES 1-50" are fictitious Defendants whose citizenships are disregarded for purposes of removal.  *See* 28 U.S.C. § 1441(a).

15.    Accordingly, there is complete diversity between Plaintiff and Defendant.

## AMOUNT IN CONTROVERSY

16.    An action may be removed if the defendant establishes, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional amount.  *See Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).  To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is satisfied.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Indeed, when a defendant seeks to remove an action to federal court on grounds of diversity jurisdiction, "the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014).  The removing defendant's burden of establishing that the amount in controversy exceeds $75,000 is not daunting and thus does not require the defendant to do extensive research or prove the plaintiff's damages.  *See Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, *16 (C.D. Cal. May 9, 2011).  Thus, "as specified in §1446(a), a defendant's notice of

---

[1] If this Court's jurisdiction is challenged, either by Plaintiff or *sua sponte*, Defendant expressly reserves and does not waive its right to supplement and/or amend its removal submissions to present additional information regarding Defendant's citizenship to demonstrate the existence of complete diversity between the parties.

DEFENDANT DG STRATEGIC VII, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S.Ct. at 554.

17. A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. Jan. 8, 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). In determining whether the amount in controversy exceeds $75,000, the Court must presume that Plaintiff will prevail on each and every one of his claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by a plaintiff's complaint—not what a court or jury might later determine to be the actual amount of damages, if any. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal"); *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 399 (2d Cir. 2003) (the "'amount in controversy' … for jurisdictional purposes, [is] the sum put in controversy by the plaintiff's complaint"); *see also Wilder v. Bank of Am.*, 2014 WL 6896116, *4 (C.D. Cal. Dec. 5, 2014) (determining amount in controversy requires that court assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint because the ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will actually owe). The Court may also look beyond the complaint to determine whether the amount in controversy is met, if necessary. *See Abrego Abrego*, 443 F.3d at 690.

18. The amount in controversy may include general and special compensatory damages. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002). Further, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with

mandatory or discretionary language, such fees may be included in the amount in controversy."). Moreover, "a court *must* include **future** attorneys' fees recoverable by statute or contract when assessing whether the amount in controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added); *see also Chavez*, 888 F.3d at 414-15 ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses *all* relief a court may grant on that complaint if the plaintiff is victorious." (emph. added)). The amount in controversy may also include punitive damages and emotional distress. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske,* 432 F.3d at 980.

### *Plaintiff's Complaint Alleges Damages in Excess of the Jurisdictional Threshold*

19.    In this action, Plaintiff's Complaint asserts seven separate claims for: (1) discrimination based on race in violation of Gov. Code § 12940 *et seq.*; (2) discrimination based on national origin in violation of Gov. Code § 12900 *et seq*; (3) harassment in violation of Gov. Code § 12940(j); (4) failure to prevent race discrimination and harassment in violation of Gov. Code § 12940(k); (5) unlawful retaliation in violation of Gov. Code § 12940 *et seq.*; (6) wrongful termination in violation of public policy; and (7) violation of Business & Professions Code § 17200 *et seq*.

20.    Although Plaintiff does not allege a specific dollar amount he seeks to recover in connection with his alleged claims, the Complaint expressly seeks, *among other things*, damages for:

(a) "special, incidental, and/or consequential damages, including but not limited to lost wages, earnings, commissions, employee benefits, lost earning capacity and future benefits…with interest"; *see* Exh. A (Complaint), ¶ 1, Prayer for Relief, p. 13;

(b) "general damages, including mental pain and anguish emotional distress, and loss of earning capacity"; *see* Exh. A (Complaint), ¶ 2; Prayer for Relief, p. 13;

(c) "any and all available statutory penalties"; *see* Exh. A (Complaint), ¶ 3, p. 13;

(d) "punitive damages, pursuant to Civil Code §3294"; *see* Exh. A (Complaint), ¶ 3, p. 13

(e) "exemplary and punitive damages"; *see* Exh. A (Complaint), ¶ 7; Prayer for Relief, p. 13;

(f) "costs of suit"; *Id.* at ¶ 8, Prayer for Relief, p. 13;

(g) "attorneys' fees"; *Id.* at ¶ 8, Prayer for Relief, p. 13;

DEFENDANT DG STRATEGIC VII, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

(h) "expert witness fees"; *Id.* at ¶ 8, Prayer for Relief, p. 13;

(i) "pre-judgment interest"; *Id.* at ¶ 9, Prayer for Relief, p. 13;

(j) "post-judgment interest"; *Id.* at ¶ 10, Prayer for Relief, p. 13;

21.    As discussed above, Defendant may remove this action to federal court notwithstanding Plaintiff's failure to plead a specific dollar amount in controversy. To that end, Defendant's Notice of Removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee*, 135 S.Ct. at 555; *see Arias*, 936 F.3d at 925 ("[A] a notice of removal 'need not contain evidentiary submissions.' Instead, evidence showing the amount in controversy is required 'only when the plaintiff contests, or the court questions, the defendant's allegation.'"). Moreover, Defendant's allegations regarding federal court jurisdiction, including the amount in controversy, **must be accepted as true** unless and until otherwise contested. *Accord Dart Cherokee*, 135 S.Ct. at 553.

22.    As set forth above, and necessarily assuming that Plaintiff will prevail on each claim asserted in the Complaint, the compensatory damages, emotional distress damages, punitive damages, and statutory attorney's fees sought by Plaintiff establish that the amount-in-controversy exceeds $75,000.[2]

### *Compensatory Damages*

23.    In his Complaint, Plaintiff alleges he began working for Defendant on or around May3, 2023. *See* Exh. A (Complaint), ¶ 16. Plaintiff further alleges that, over the course of several months, he was purportedly subjected to discrimination and harassment in the workplace and submitted several internal complaints to Defendant's Human Resources manager, Genesis Tapia. *Id*. at ¶¶ 17-19. Plaintiff alleges that he then filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on or around December 2023. *Id*. at ¶ 20. Plaintiff further alleges that, on or

---

[2] The amount in controversy calculations, as set forth below, are based on an assumption *for purposes of removal only* that the allegations of Plaintiff's Complaint regarding his theories of liability are true but without any type of express or implied admission that the conduct alleged in the Complaint occurred, that Plaintiff has suffered any damages, and that such liability in fact exists. *See, e.g., Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("Removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

197656432.4

9

around March 2024, he was terminated by Defendant, which he claims was in retaliation because he filed a complaint with the EEOC. *Id*. at ¶ 22.

24.     The Complaint avers that, as a result of Defendant's alleged conduct, Plaintiff "has been caused to and did suffer, and ***continues to suffer***, severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, discomfort, anxiety, and related symptoms." *Id.* at ¶¶ 28. (Emph. added); *see also id.*, ¶ 51 (alleging Plaintiff "has been caused to and did suffer, and continues to suffer, severe physical pain and injury, emotional and mental distress, anguish, humiliation…." including but not limited to emotional distress."

25.     Notably, the amount in controversy is not limited to damages incurred prior to removal.  Instead, as the Ninth Circuit has held, the amount in controversy calculation properly includes lost wages incurred ***<u>after the time of removal</u>*** where, as here, they are expressly prayed for as relief in the operative pleading.  *See Chavez*, 888 F.3d at 417-18 (holding that lost wages incurred after removal were appropriately included in the amount in controversy since they were claimed at the time the case was removed by defendant).  Indeed, in determining the amount in controversy, it is appropriate to consider the amount of lost wages through the time of trial.  *See, e.g.*, *Walker v. Aetna Health & Life Ins. Co.*, 2021 WL 2661449, *8 (E.D. Cal. June 29, 2021) (Ishii, J.) ("Defendants are correct that the amount in controversy calculation properly includes lost wages through trial, since a 'potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction'"); *Fisher v. HNTB Corp.*, 2018 WL 6323077, *4 (C.D. Cal. Dec. 3, 2018) (one year of post-removal lost earnings accepted as "date of trial" estimate and held to be properly included in the amount of controversy); *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 WL 4894307, *3-4 (E.D. Cal. Sept. 11, 2013) (Karlton, J.) (post-removal lost earnings through trial properly included in the amount in controversy).

26.     At the time of Plaintiff's termination, Plaintiff was earning a weekly salary of $1,826.92 per week (or $95,000 per year) when his employment ended, *exclusive of any other employment benefits*.[3] *See* Guy Decl., ¶ 6-7.

---

[3] If challenged, Defendant expressly reserves and does not waive its right to supplement and/or amend their removal submissions to rely on other, higher, reasonable assumptions and/or estimates in calculating the amount in controversy, including, without limitation, by including any

27.     For purposes of removal, Defendant calculates Plaintiff's lost wages from his date of termination to the date of removal (approximately 37 weeks), at Plaintiff's weekly rate of pay at the time of his termination on March 20, 2024.  Based on this estimate, and without calculating any additional lost back or future wages, and/or employment-related benefits through trial that Plaintiff is expressly seeking, the amount in controversy on Plaintiff's lost wages claim from March 20, 2024 through December 4, 2024 is no less than approximately ***$67,596.00***.  However, as this amount continues to grow, that too must be included in the amount in controversy.  *See Chavez*, 888 F.3d at 417-18 (holding that lost wages incurred after removal were appropriately included in the amount in controversy since they were claimed at the time the case was removed by defendant); *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 WL 4894307, *3-4 (E.D. Cal. Sept. 11, 2013) (post-removal lost earnings through trial properly included in the amount in controversy).

28.     Consequently, without including future lost wages beyond December 4, 2024 or any lost employment benefits that Plaintiff also seeks in this action (which Defendant reserves the right to include if its amount-in-controversy calculations are challenged), the amount in controversy on Plaintiff's prayer for **past lost wages** from March 20, 2024 to December 4, 2024 is ***conservatively calculated*** to be approximately ***$67,596.00.***

***Emotional Distress Damages***

29.     Plaintiff also seeks to recover damages for his purported emotional distress and further claims that he suffered and continues to suffer "emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, discomfort, anxiety, and related symptoms." *See* Exh. A (Complaint), ¶¶ 28, 51.

30.     Emotional distress damages are appropriately considered by the Court in determining whether the amount in controversy is satisfied for purposes of removal.  *Kroske*, 432 F.3d at 980; *see also, e.g.*, *Simmons*, 209 F.Supp.2d at 1034.  In *Kroske*, 432 F.3d at 980, the Ninth Circuit held

---

lost benefits in calculating the amount in controversy—which would ***increase*** the amount in controversy.  *See Arias*, 936 F.3d at 922 ("a removing defendant's notice of removal 'need not contain evidentiary submission'"); *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534-35 (9th Cir. Mar. 20, 2012) (holding court erred in refusing to consider evidence of amount in controversy submitted *after* removal in response to a remand motion).

DEFENDANT DG STRATEGIC VII, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

that the trial court properly estimated $25,000 for emotional distress damages for purposes of satisfying the amount-in-controversy where the plaintiff's wage loss was only $55,000. Indeed, emotional distress damages awards in actions based on discrimination or retaliation in violation of FEHA, *like this one*, often on their own exceed the $75,000 amount in controversy. *See, e.g., Lemke v. BCI Coca-Cola of Los Angeles*, 2004 WL 5825304 (Cal. Super. Dec. 1, 2004) ($135,000 emotional distress damages awarded in FEHA discrimination action); *Anderson v. Amer. Airlines, Inc.,* 2008 Mealey's CA Jury Verdicts & Settlements 2008 ($1 million emotional distress award in federal FEHA discrimination action); *Grodzik v. Calif. Cons. Corps.*, 2010 WL 2734467 (Cal. Super. Ct. June 14, 2010) ($100,000 emotional distress award to plaintiff of FEHA disability discrimination/retaliation claims). Accordingly, based on Plaintiff's Complaint, Defendant conservatively estimates that the minimum value of Plaintiff's emotional distress damages, if he were to prevail (as must be presumed for purposes of removal), would be ***at least* $25,000.00** for purposes of calculating the reasonable amount in controversy in this action. Based thereon, Defendant conservatively estimates that the minimum value of Plaintiff's emotional distress damages would be ***at least* $25,000.00** for purposes of calculating the reasonable amount in controversy in this action.[4]

### *Punitive Damages*

31.     Plaintiff also seeks punitive damages in connection with his claims. *See* Exh. A (Complaint), ¶¶ 29, 52; Prayer for Relief, ¶ 6.

32.     The Ninth Circuit has held that punitive damages should be considered by a district court when determining the amount-in-controversy where they are recoverable as a matter of law. *See Gibson*, 261 F.3d at 945. District courts routinely find that "the potential for large punitive damage awards" in employment cases satisfies the $75,000 amount in controversy without even considering other damages. *See Simmons*, 209 F.Supp.2d at 1033; *see also, e.g., Chambers v. Penske*

---

[4] *See Liemandt v. Mega RV Corp.*, 2011 WL 2912831 (Cal. Super. Ct. Feb. 4, 2011) ($385,000 emotional distress award to plaintiff for wrongful termination); *Grodzik v. Calif. Conservation Corps.*, 2010 WL 2734467 (Cal. Super. Ct. June 15, 2010) ($100,000 emotional distress award to plaintiff on various claims, including retaliation); *Lemke v. BCI Coca-Cola of Los Angeles*, 2004 WL 5825304 (Cal. Super. Ct. Dec. 1, 2004) ($135,000.00 emotional distress damages awarded in wrongful termination/retaliation action).

*Truck Leasing Corp.*, 2011 WL 1459155, *4 (E.D. Cal. Apr. 15, 2011 (finding that amount in controversy was satisfied because "punitive damages in employment matters may be substantial"); *Haase v. Aerodynamics Inc.*, 2009 WL 3368519, *4 (E.D. Cal. Oct. 19, 2009) (acknowledging million-dollar punitive damages awards and denying remand in FEHA action, noting that "even a minimum award of punitive damages would satisfy the jurisdictional requirement"). Furthermore, punitive damages verdicts on claims similar to Plaintiff's claims here typically far exceed the $75,000 jurisdictional minimum **on their own**. *See, e.g.*, *Lopez v. Bimbo Bakeries USA, Inc.*, 2009 WL 1090375, *10-18 (Cal. Ct. App. Apr. 23, 2009) (affirming *$2 million* punitive damages award on plaintiff's FEHA discrimination/wrongful termination claims).

33.    In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 403, 425 (2003), the U.S. Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." Utilizing the ***smallest*** ratio of 2:1 that *State Farm* found to be "instructive" (but without conceding its ultimate propriety for use in this case), and basing any potential exemplary damages award solely on the general damages at issue in this action ***through removal only***, the potential ***minimum*** punitive damages award in this action is approximately **$185,192.00** [($67,596 + $25,000) = $92,596 x 2], which *on its own* far exceeds the jurisdictional minimum of $75,000.00.

### Statutory Attorneys' Fees

34.    Plaintiff's Complaint also seeks attorneys' fees in connection with his claims. *See* Exh. A (Complaint), ¶ 30; Prayer for Relief, ¶ 8.

35.    In the Ninth Circuit, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *Fritsch*, 899 F.3d at 794; *see Galt*, 142 F.3d at 1155-56 ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Indeed, "a court ***must*** include **future** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added).

36.     The Court's own knowledge and experience in ruling on prevailing plaintiffs' motions for attorneys' fees in discrimination, retaliation, and wrongful termination cases, like this action, should indicate that it is "more likely than not" that Plaintiff will seek an attorneys' fees award of *at least* **$75,000** if this case is litigated to judgment in a jury trial.[5] *See, e.g., Lopez,* 2009 WL 1090375, at *18-21 (affirming trial court's award of $1 million in attorneys' fees in wrongful termination action); *see also, e.g.*, *Crawford v. DirecTV, Inc.*, 2010 WL 5383296 (Cal. Super. Ct. Sept. 29, 2010) (awarding approximately $160,000 in attorneys' fees in wrongful termination action where the plaintiff's recovered damages were only $175,000).

37.     Indeed, based on its own past litigation experience, Defendant reasonably estimates at this juncture that its own attorneys' fees to defend this action through a jury trial and post-trial motions will be well *over* **$75,000.00**.   Accordingly, based on all of the foregoing, Defendant *conservatively* estimates that Plaintiff's attorneys' fees to litigate this action through a jury trial and post-trial motions, would be *at least* **$75,000** for purposes of calculating the reasonable amount in controversy.

### *Summary Of Amount In Controversy*

38.     Based on the foregoing, and excluding for purposes of this removal any lost employment benefits to which Plaintiff claims to be entitled and any future lost wages beyond *December 4, 2024*, the amount in controversy on Plaintiff's Complaint far exceeds the $75,000 jurisdictional threshold, as follows:

---

[5] Given the other damages at issue in this action, even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum in this action. *See, e.g.*, *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, *6 (C.D. Cal. Mar. 3, 2015) (using a "reasonable rate for employment cases" of $300 per hour and "an appropriate and conservative estimate" of 100 hours to find that attorneys' fees in that case could "reasonably be expected to equal at least $30,000").

| Damages/Amounts Claimed | Amount in Controversy |
|---|---|
| Past Lost Wages, exclusive of benefits | $67,596.00 |
| Emotional Distress Damages | $25,000.00 |
| Punitive Damages | $185,192.00 |
| Statutory Attorneys' Fees | $75,000.00 |
| **TOTAL AMOUNT IN CONTROVERSY:** | **$352,788.00** |

## VENUE

38.     This is a civil action originally filed in State Court in the County of Kern, California. Defendant is informed and believes that the events allegedly giving rise to this action occurred within this judicial district.  Accordingly, venue lies in this Court because the action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

39.     Nothing in this Removal Notice is intended or should be construed as any type of express or implied admission by Defendant of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action (including without limitation issues relating to personal jurisdiction, service of process and/or arbitration), all of which are hereby fully and expressly reserved.  Defendant expressly reserves the right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law to provide additional supporting evidence or include any additional sums sought in the Complaint not included herein, should any aspect of this removal and/or the information set forth herein be challenged.

40.     WHEREFORE, Defendant respectfully requests that the above-captioned action now pending in the Superior Court of the State of California in and for the County of Kern be removed to this United States District Court for the Eastern District of California.

197656432.4
15
DEFENDANT DG STRATEGIC VII, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

DATED: December 4, 2024          **McGuireWoods LLP**


By:   /s/ *Andrew W. Russell*
      Andrew W. Russell Esq.
      Rachel Kermani, Esq.
      Attorneys for Defendant
      DG STRATEGIC VII, LLC

197656432.4

16

DEFENDANT DG STRATEGIC VII, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, California 90067.

On December 4, 2024, I served the following document(s) described as **DEFENDANT DG STRATEGIC VII, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Kasim Idrees, Esq.                                      *Attorney for Melvin Harris*
EMPLOYMENT LAW ASSIST, APC
2177 Ventura Blvd., Suite 243                      *kasim@employmentlawassist.com*
Woodland Hills, CA 91364

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY ELECTRONIC DELIVERY:** I caused said document(s) to be transmitted electronically to the above addressees. (C.C.P. § 1010.6)

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 4, 2024, at Los Angeles, CA.

_____
Matthew Whitney

197656432.4                                                   17
DEFENDANT DG STRATEGIC VII, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT